IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | 1:15cr00015 |
| | ) | **Electronic Filing** |
| **RENLEY E. TATE, JR.** | ) | |

## MEMORANDUM ORDER

AND NOW, this 10th day of July, 2018, upon consideration of defendant's motion for

leave to file documents under seal, IT IS ORDERED that [74] the motion be, and the same

hereby is, granted. After discussion with defense counsel it appears that the contemplated

submission contains information that warrants the use of the court's authority to place

submissions on its docket under seal. See Local Criminal Rule 49.A and Local Civil Rule

5.2.D. Accordingly, defendant may file his referenced sentencing memorandum under seal. At

this juncture defendant is excused from filing an additional redacted version of the submission.

Defendant shall file the requested submission(s) without undue delay. Unless ordered

otherwise, the sealed filing(s) shall remain under seal for ten (10) years from the date of this

order.

Notwithstanding the above, counsel is hereby advised that any aspect of the

contemplated sentencing memorandum that specifically is used by the court as a basis for

affirmative relief under the guidelines or otherwise should be maintained under seal only upon a

showing that the information to be kept from the public record meets the stringent standards for

maintaining materials under seal set forth in United States v. Criden, 648 F.2d 814, 820-21 (3d

Cir. 1981) (the common law right of access gives rise to a strong presumption of access to

materials considered by the court in the discharge of its public functions); United States v.

Martin, 746 F.2d 964, 968 (3d Cir. 1984) ("The common law right of access is not limited to

evidence, but rather encompasses all 'judicial records and documents,' . . . [including] transcripts, evidence, pleadings, and other materials submitted by litigants . . . .'") (citations omitted); Publicker Industries, Inc. v. Cohen, 733 F.2d 1059, 1066-67 (3d Cir. 1984) (the First Amendment protects the same panoply of rights as the common law right of access); and United States v. Smith, 787 F.2d 111, 115 (3d Cir. 1986) ("we hold that the common law right of access to judicial records is fully applicable to transcripts of sidebar or chambers conferences during criminal trials at which evidentiary or other substantive rulings have been made, and that the district court did not err in ruling that the transcript of the sidebar conference should be disclosed because Doe did not demonstrate that the factors opposing access outweigh those favoring it.").

Specifically, the court notes that "[i]t is settled that a strong presumption of access attaches to sentencing memoranda. Sentencing memoranda are indisputably judicial records, as these are either filed with the Court, see [In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001)], or as briefs rendered part of the public record . . . . Moreover, these may on occasion serve as a basis for judicial departure from the sentencing guidelines, thereby bearing directly upon the Court's Article III duties in the criminal justice arena, perhaps the most important of judicial duties." United States v. Kushner, 349 F. Supp.2d 892, 899-904 (D. N.J., 2005). It follows *a fortiori* that the same presumption attaches to motions for departure under the United States Sentencing Guidelines and requests for variances pursuant to 18 U.S.C. § 3553(a).

Given the above principles, upon inquiry the information considered and relied upon by the court in fashioning a sentence will be kept from public scrutiny only where defendant has carried the burden of showing there are concrete countervailing interests that are sufficient to overcome the presumptive right of access. See generally Mine Safety Appliances v. The North River Ins. Co., 73 F. Supp.3d 544, 564 (W.D. Pa. 2014) (Cercone, J.) ("At the very least, . . . the party seeking the closure of a hearing or the sealing of part of the judicial record 'bears the

burden of showing that the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'") (citations omitted).[1]  And the order granting the motion for leave to file under seal has been entered in accordance with this proviso.

s/David Stewart Cercone<br>
David Stewart Cercone<br>
Senior United States District Judge

cc:    Marshall Piccinini, AUSA
       Jay Finkelstein, AFPD

       United States Marshal's Office
       United States Probation Office

       (*Via CM/ECF Electronic Filing*)

---

[1] Of course, the court reserves the right to revisit the matter *sua sponte* and apply these same standards after it has reviewed defendant's motion.